which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

BERTHA SHERMAN, Respondent, v. BERNARD SHERMAN, Appellant.— Motion to dismiss appeal from judgment denied upon condition that appellant perfect the appeal for the March term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

BERTHA SHERMAN, Respondent, v. BERNARD SHERMAN, Appellant.— Appeal from order appointing temporary receiver dismissed. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

SHORE GARDENS CORPORATION, Respondent, v. RESTEL REALTY CORPORATION and Others, Appellants.— Motion to dismiss appeal denied upon condition that appellants perfect the appeal for the March term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

NELLIE WOECKENER, Respondent, v. JAMES W. GOODIER and JAMES F. MACDONNELL, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

PAUL BENDISH, Appellant, v. THE ORIENT INN, INC., Defendant, and R. H. JOHNSTON HOLDING CORPORATION and DAFRE REALTY CO., INC., Respondents. (Action No. 2.) — Order of Appellate Term unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

BRIDGET BRENNAN, Appellant, v. YONKERS RAILROAD COMPANY, Respondent.— Judgment of the County Court of Westchester county affirmed, with costs. The question raised could have been avoided by the plaintiff's bringing in the Hastings Railroad Company when the defendant interposed a denial of responsibility (Civ. Prac. Act, § 213), at which time the present defendant could have been examined before trial to determine the fact, wholly independent of the records in the office of the Public Service Commission. The controlling test was, whose work were these servants doing at the time of the accident? Upon this record, and particularly under the stipulation, it must be held that they were doing the work of the Hastings Railroad Company under a contract made by them acting for the Hastings Railroad Company with the plaintiff, which contract was separate and distinct physically from the contract of carriage for the Yonkers part of the trip. Lazansky, P. J., Young, Carswell and Tompkins, JJ., concur; Hagarty, J., dissents, with the following memorandum: The car was leased by the Third Avenue Railroad Company to the defendant, Yonkers Railroad Company. The operators of the car were employed by the Yonkers Railroad Company and their salaries paid by it. The Hastings Railroad Company, under an operating agreement, reimbursed the Yonkers Railroad Company for the salaries paid by that company to its employees while operating the cars in the village of Hastings. In my opinion, the initial contract to transport the plaintiff safely controls and defendant is not relieved from responsibility by reason of its agreement with the Hastings Railroad Company.

THOMAS J. BRENNAN, Appellant, v. YONKERS RAILROAD COMPANY, Respond-